IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MAURICE SPRIGGS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-13-1038
CRIMINAL NO.: WDQ-09-0361

MEMORANDUM OPINION

Maurice Spriggs was convicted by a jury of carjacking and firearms crimes. ECF No. 51. On July 2, 2010, he was sentenced to 444 months imprisonment. ECF No. 59. Pending are Spriggs's *pro se* motions: (1) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF No. 83; and (2) to amend/supplement his § 2255 motion, ECF Nos. 87-88. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the motions will be denied.

I. Background

On June 25, 2009, Spriggs was indicted on charges of: (1) carjacking, in violation of 18 U.S.C. §§ 2, 2119 (count one); (2) brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (count two); and (3) being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1) (count three). ECF No. 1. On September 9, 2009, Tamara Theiss, Esquire, and Lisa Lunt, Esquire, were appointed to defend him. ECF Nos. 9, 14, 22. At his September 25, 2009 arraignment, Spriggs pled not-guilty. ECF No. 15.

On March 11, 2010, following a four-day trial, a jury found Spriggs guilty on all counts of the indictment. ECF No. 51.

On May 17, 2010, the United States Probation Office completed a pre-sentence report ("PSR"). The report concluded that Spriggs's offense level was 22, and his criminal history category was VI. PSR (sealed). He was a career offender, because of four previous felony convictions in the Circuit Court for Baltimore City, Maryland. *Id.*; ECF No. 85 at 4-5. He had been convicted four times for possession with intent to distribute controlled substances. *See id.* He was also an armed career criminal, because of these controlled substance convictions and his conviction under § 922(g)(1). PSR. The PSR calculated an advisory Sentencing Guidelines range of 360 months to life, and recommended a sentence of 400 months imprisonment. *Id.*

On July 7, 2010, the Court sentenced Spriggs to a 444 months Guidelines imprisonment, because of "his lengthy criminal record, the seriousness of the violent crimes convicted here, [] the likelihood of recidivism[,] and the serious danger that he

pose[d] to the community." ECF No. 85-1 at 17 (transcript of sentencing hearing).

On July 9, 2010, Spriggs appealed his conviction and sentence. ECF No. 61. He argued that the government made improper comments during closing argument, and that his sentence was procedurally and substantively unreasonable. *See United States v. Spriggs*, 452 F. App'x 271, 272 (4th Cir. 2011). On November 4, 2011, the Fourth Circuit affirmed. *Id.*; ECF No. 78. Spriggs did not petition the Supreme Court for a writ of certiorari.[1] ECF No. 83 at 3.

On April 8, 2013, Spriggs moved to vacate, set aside, or correct his sentence under § 2255. ECF No. 83. On June 3, 2013, the government opposed the motion. ECF No. 85. On September 19 and 23, 2013, Spriggs moved to amend/supplement his § 2255 petition. ECF Nos. 87-88.

II. Analysis

Spriggs contends that his sentence should be vacated under § 2255 because: (1) he received ineffective assistance of counsel; (2) the prosecutor made improper comments during closing argument; (3) his sentence was procedurally and

---

[1] In his § 2255 petition, Spriggs states that he "[a]t first" petitioned for a writ of *certiorari*, but "they gave [him] a stay of mandate and [he] didn't understand it." ECF No. 83 at 3. The mandate was stayed pending resolution of his petition for rehearing. *See* ECF Nos. 79, 83 at 3. The petition for rehearing was denied on January 24, 2012. ECF No. 80.

substantively unreasonable; and (4) he was improperly sentenced as an armed career criminal. See ECF No. 83 at 5.

A. Ineffective Assistance of Counsel

1. Legal Standard

Spriggs contends that he received ineffective assistance of counsel when his counsel "worked against" his interest and failed "to prepare for trial." ECF No. 83 at 5. The government argues that Spriggs's claims of ineffective assistance are "vague" and "conclusory," and he is not entitled to relief. ECF No. 85 at 8.

The Sixth Amendment guarantees the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Spriggs must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. Id. at 687. To show deficient performance, Spriggs must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonableness." Id. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "There exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct . . . ." Kratsas v. United

4

*States*, 102 F. Supp. 2d 320, 322 (D. Md. 2000) *aff'd*, 9 F. App'x 107 (4th Cir. 2001) (*citing id*. at 688-89).

Spriggs contends that his counsel erred by failing to adequately prepare for trial and by working against his interests, but he does not specify how his counsel failed to prepare or worked against his interests or explain why these deficiencies prejudiced him at trial. Conclusionary allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing. *See, e.g., Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (abrogated on other grounds) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); *Wagner v. United States*, 377 F. Supp. 2d 505, 509 (D.S.C. 2005) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." (internal quotations and punctuation omitted)). Accordingly, Spriggs's claims of ineffective assistance of counsel will be denied.

B. Previously Litigated Claims

Spriggs contends that, during closing argument, the prosecutor commented on his failure to testify and improperly shifted the burden of proof to him. *See* ECF No. 83 at 5. He also argues that his sentence was procedurally and substantively

5

unreasonable. *Id.* The government contends that these claims are barred, because the Fourth Circuit rejected them on direct appeal. ECF No. 85 at 9.

"Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal." *United States v. Walker*, 299 F. App'x 273, 276 (4th Cir. 2008). Spriggs raised these arguments on direct appeal, and the Fourth Circuit expressly rejected them. *See Spriggs*, 452 F. App'x at 273-74. He has not cited new law to support his claims. Accordingly, these claims are not a basis for relief under § 2255.

C. Career Offender Sentencing

Spriggs contends that he was improperly sentenced as an armed career criminal because his predicate convictions are *Alford* pleas. *See* ECF No. 83 at 5. The government argues that this is irrelevant, because Spriggs's previous "convictions, on their face, satisfied the requirements of the [Armed Career Criminal Act] without reference to the *Alford* plea colloquy."[2] ECF No. 85 at 6.

Under the Armed Career Criminal Act ("ACCA"), an offender is an armed career criminal and subject to an enhanced sentence if he violates 18 U.S.C. § 922(g) and "has three previous

---

[2] Because Spriggs's claim lacks merit, the Court will not decide whether he procedurally defaulted this claim by failing to raise it on direct appeal. *See* ECF No. 85 at 3-4.

6

convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." *See* 18 U.S.C. § 924(e)(1); U.S. Sentencing Guidelines Manual § 4B1.4. "Serious drug offenses" include certain state and federal offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(i)-(ii).

To determine if a previous conviction supports enhanced sentencing under the ACCA, courts use a "categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001) (*quoting Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) (internal quotation marks omitted)). In a "narrow range of cases," however, a "state statute can be violated in several ways," only "some of which would support enhancement" under the ACCA. *Id.* In such cases, courts use a "modified categorical" approach to determine if the convictions qualify for enhancement. *See, e.g., United States v. Alston*, 611 F.3d 219, 224 (4th Cir. 2010). In using this approach, courts may only rely on documents with "the conclusive significance of a prior judicial record," such as charging papers, written plea agreements, and jury instructions. *See*

*Shepard v. United States*, 544 U.S. 13, 20, 26 125 S. Ct. 1254, 1259, 1262, 161 L. Ed. 2d 205 (2005).[3]

In *Alston*, the Fourth Circuit held that the "prosecutor's proffer of the factual basis for an *Alford* plea does not satisfy the requirements of the modified categorical approach," because in such cases "the defendant waives a trial and accepts punishment, *but he does not admit guilt*." 611 F.3d at 226 (*citing North Carolina v. Alford*, 400 U.S. 25, 27, 91 S. Ct. 160, 162, 27 L. Ed. 2d 162 (1970)) (emphasis in original). Although *Alston* barred the sentencing court from using a factual proffer of an *Alford* plea to identify the conviction as an ACCA predicate, "*Alston* does not categorically prohibit the use of a conviction obtained from an *Alford* plea as a predicate offense for a statutory enhancement." *United States v. Mouzone*, 687 F.3d 207, 221 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 899, 184 L. Ed. 2d 697 (2013) (affirming sentencing enhancement based, in part, on an *Alford* plea to a drug distribution offense because "the district court relied simply on the fact of conviction, not on the prosecutor's version of facts from the plea colloquy").

---

[3] The Fourth Circuit has held that a PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictments and state-court judgments from [prior] convictions," *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005), which entitles "a sentencing court . . . to rely on 'the conclusive significance' of the record as set out in the [PSR]," *United States v. Redd*, 372 F. App'x 413, 416 (4th Cir. 2010) (internal citations omitted).

When, as here, the sentencing court need not "determine the factual basis of [the] prior conviction" to decide if a previous conviction qualifies as a predicate conviction, "the concerns . . . in *Alston* are not present." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012) *cert. denied*, 133 S. Ct. 216, 184 L. Ed. 2d 111 (2012).

Here, the PSR concluded that Spriggs was an armed career criminal based on four previous convictions for possession with intent to distribute cocaine and heroin, which are crimes under Maryland law. *See* PSR; Md. Code Ann., Crim. Law § 5-602 (West 2009). The maximum penalty for these narcotics offenses under Maryland law is 20 years. *See* Md. Code Ann., Crim. Law § 5-608 (West 2010).[4] Accordingly, these previous convictions qualify as serious drug offenses under the ACCA, and Spriggs was properly sentenced as an armed career criminal.[5] *See* § 924(e); *e.g.*, *Redd*, 372 F. App'x at 415. Spriggs's § 2255 motion will be denied.

D. Motions to Amend

Although unclear, Spriggs's motions to "amend" appear to assert additional reasons that he was improperly sentenced as an

---

[4] The definition of the applicable offense, and the maximum penalty, were the same in all relevant respects under the previous version of the Maryland code. *See* Maryland Code 1957, Art. 27 § 286(a), (b)(1).

[5] Spriggs does not challenge his sentencing as a career offender. *See* ECF No. 83 at 5.

armed career criminal, citing *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)[6] and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[7] ECF Nos. 87-88.

Second § 2255 petitions that challenge "the same conviction and sentence based on a subsequent change in substantive law are" successive petitions under § 2255(h). *Nixon v. United States*, 3:12-CV-736-GCM, 2012 WL 6737194, at *1 (W.D.N.C. Dec. 28, 2012).[8] A petitioner may only file a second or successive motion under § 2255 if:

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[6] *Descamps* held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

[7] In *Simmons*, the Fourth Circuit held that, when a state sentencing court "never made the recidivist finding necessary" to enhance a defendant's sentence, the government cannot rely on that "hypothetical enhancement" to set the defendant's "maximum term of imprisonment." 649 F.3d at 243 (*quoting Carachuri-Rosendo v. Holder*, 560 U.S. 563, 577 n.12, 130 S. Ct. 2577, 2587 n.12, 177 L. Ed. 2d 68 (2010) (internal quotations omitted)). Instead, the recidivism sentencing enhancement must be part of the defendant's record of conviction to apply. *Id.* at 244.

[8] *See also United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) ("[A] brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications . . . .").

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Spriggs has not obtained a certification from the Fourth Circuit authorizing his successive motions; thus, the Court lacks jurisdiction over them. See Winestock, 340 F.3d at 207. The motions will be denied.

E. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a § 2255 case. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Spriggs has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Spriggs's motions will be denied.

4/17/14
Date

_____
William D. Quarles, Jr.
United States District Judge